UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carlos Gallo-Vasquez,                                            Civil No. 06-1457 (PAM/SRN)

                     Petitioner,

v.                                                               **MEMORANDUM AND ORDER**

Federal Bureau of Prisons, Harley Lappin,
Michael Nalley, Alberto Gonzales, and
Marty C. Anderson,

                     Respondents.

---

This matter is before the Court on Petitioner's Objection to the Report and Recommendation ("R&R") of United States Magistrate Judge Susan R. Nelson, dated April 20, 2006. The Magistrate Judge recommended summary dismissal of the Petition for Petitioner's failure to exhaust administrative remedies. Petitioner timely objected to the R&R. For the reasons set forth below, the Court overrules the Objection and adopts the R&R.

The United States District Court for the Northern District of Illinois sentenced Petitioner to 210 months followed by 60 months of supervised release. In the Memorandum accompanying his Petition, Petitioner claims that the sentencing court intended him to actually serve only 150 months in prison, spending the remaining 60 months of his sentence on supervised release. Petitioner explains that he is not challenging

his sentence or conviction,[1] but the manner in which the Bureau of Prisons ("BOP") is computing and executing his sentence. Petitioner acknowledges in the Petition that he did not exhaust his administrative remedies.

Petitioner objects to the R&R on the basis of a December 3, 2004, Memorandum in which the BOP stated it would not answer inmates' questions related to United States v. Booker, 543 U.S. 220 (2005), and United States v. Fanfan, 543 U.S. 220 (2005), which were pending at that time. The Memorandum further explained that after the cases were decided, inmates "would have to petition the Court where you were sentenced, asking for a review of your sentence . . . ." (Pet'r's Obj'n at 4.) According to Petitioner, it would be futile to exhaust his administrative remedies because the BOP has predetermined that it will not execute his sentence differently.

Petitioner's Objection cannot be reconciled with the claim in his Petition. The Petition itself simply does not raise an issue under Booker.[2] To the contrary, in response to the question asking whether he is challenging his conviction or sentence, Petitioner wrote "No," explaining that "[t]he Federal Bureau of Prisons by and through their staff have

---

[1] Petitioner previously filed a motion under 28 U.S.C. § 2255, which was denied by the sentencing court.

[2] Even if the Petition had requested relief under Booker, the case does not apply retroactively on collateral review. See Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005); Wiley v. United States, Civ. No. 05-2648, 2006 WL 208782, at *1 (D. Minn. Jan. 26, 2006) (Magnuson, J.); Mosley v. Sanders, No. 05-3319-CV-S-FJG, 2005 WL 2875055, at *4 (E.D. Ark. Oct. 28, 2005) ("[U]nless and until the Supreme Court rules that Blakely or Booker applies retroactively to past criminal convictions, Petitioner may not raise a claim based on these decisions in a second § 2255 or a § 2241 habeas petition."). According to the Petition, Petitioner's appeal was decided in 2002.

misapplied the sentence that the sentencing court did hand down. Therefore, we are not challenging the sentence or the conviction but only [] the manner that it is being computed or executed." (Pet. at 4) (emphasis in original).

Because Petitioner is challenging the BOP's computation and execution of his sentence, he must first exhaust his administrative remedies. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (citing Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999)); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000). Specifically, Petitioner has not given the BOP an opportunity to recalculate his sentence irrespective of Booker, or to request clarification from the sentencing court, which could expeditiously resolve this matter. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the R&R (Docket No. 8) is **OVERRULED**;

2. The R&R (Docket No. 7) is **ADOPTED**;

3. Petitioner's Application to Proceed In Forma Pauperis (Docket No. 6) is **DENIED**;

4. Petitioner's Motion for Emergency Hearing (Docket No. 3) is **DENIED**;

5. Petitioner' Motion in Support of Issuance of Subpoena Duces Tecum (Docket No. 5) is **DENIED**; and

6. The Petition (Docket No. 1) is **DISMISSED without prejudice.**

Dated: May 22, 2006

                                                                          s/ Paul A. Magnuson
                                                                          Paul A. Magnuson
                                                                          United States District Court Judge